# EXHIBIT A

CIRCUIT COURT SUMMONS                                    NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20ᵀᴴ JUDICIAL DISTRICT

Service ID 316628

CINCINNATI INSURANCE COMPANY A/S/O PARRIS PRINTING
AKA PARRIS PRINTING LLC

                                                   Plaintiff

vs.

BROAN-NUTONE LLC
251 LITTLE FALLS DRIVE
C/O THE PRENTICE-HALL CORP SYS
WILMINGTON, DE 19808

                                                   Defendant

CIVIL ACTION
DOCKET NO. 22C1800
Method of Service:
  Personal Service

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED:  09/08/2022

                                   JOSEPH P. DAY
                                   Circuit Court Clerk
                                   Davidson County, Tennessee

                          By:  /s/ Bryce Poole
                               Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:
  MATTHEW Z. HUFFER
  201 4TH AVENUE NORTH, SUITE 1400
  NASHVILLE, TN 37219

---

**NOTICE TO THE DEFENDANT:**

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

---

 To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

CIRCUIT COURT SUMMONS                                    NASHVILLE, TENNESSEE

# STATE OF TENNESSEE
# DAVIDSON COUNTY
# 20ᵀᴴ JUDICIAL DISTRICT

Service ID 316628

CINCINNATI INSURANCE COMPANY A/S/O PARRIS PRINTING
AKA PARRIS PRINTING LLC

CIVIL ACTION
DOCKET NO. 22C1800
Method of Service:
 Personal Service

                                                    Plaintiff

vs.

BROAN-NUTONE LLC
251 LITTLE FALLS DRIVE
C/O THE PRENTICE-HALL CORP SYS
WILMINGTON, DE 19808

                                                    Defendant

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____ _____ _____, 20___, I:

_____ served this Summons and Complaint/Petition on _____ in the following manner:
_____

_____ failed to serve this Summons within 90 days after its issuance because _____
_____

                                        _____
                                                    Sheriff/Process Server

To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

rev. 09/01/2022

## IN THE CIRCUIT COURT OF DAVIDSON COUNTY, TENNESSEE
## AT NASHVILLE

**THE CINCINNATI INSURANCE**
**COMPANIES a/s/o PARRIS**
**PRINTING, LLC,**

**vs.**                                                 **Docket No.:** _____

**BROAN-NUTONE, LLC,**
**A.O. SMITH CORPORATION, and**
**STANLEY CONVERGENT SECURITY**
**SOLUTIONS, INC. f/k/a SENTRYNET**

 **Defendants.**

## COMPLAINT

COMES NOW, The Cincinnati Insurance Companies a/s/o Parris Printing, LLC,(hereinafter, "Plaintiff"), by and through undersigned counsel, and for complaint against the Defendants, Broan-NuTone, LLC ("Broan"), A.O. Smith Corporation ("A.O."), and Stanley Convergent Security Solutions, Inc. f/k/a SentryNet ("SentryNet"), hereby alleges and states as follows:

### PARTIES AND VENUE

1.     Plaintiff brings this action to recover for damages related to a fire that occurred on or about October 5, 2019 at the principal place of business of Parris Printing, LLC located at 211 Whitsett Road, Nashville, Tennessee 37210 (hereinafter, the "Premises").

2.     The Cincinnati Insurance Companies is an insurance company authorized to do business in the state of Tennessee.  It is located in Ohio.

3.     Parris Printing, LLC was an insured of The Cincinnati Insurance Companies at all relevant times to this lawsuit.

4.      Upon information and belief, Defendant Broan is a Delaware Limited Liability Company that manufacturers and designs air quality regulation devices and has a principal place of business located at 926 W State Street, Hartford, Wisconsin 53027. The registered agent for Broan is The Prentice-Hall Corporation System, Inc., located at 251 Little Falls Drive, Wilmington, Delaware 19808.

5.      Upon information and belief, Defendant Broan regularly places its products within the stream of commerce in the state of Tennessee.

6.      Upon information and belief, Defendant A.O. is a Delaware Corporation authorized to do business in the State of Tennessee that manufactures a variety of products, including electric motors, and has a principal place of business located at 11270 W Park Place, Milwaukee, Wisconsin 53224. The registered agent for A.O. is The Prentice-Hall Corporation System, Inc., located at 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

7.      Upon information and belief, Defendant SentryNet is an Indiana Corporation authorized to do business in the State of Tennessee that performs alarm system monitoring and has a principal place of business located at 8350 Sunlight Drive, Fishers, Indiana 46037. The registered agent for SentryNet is Registered Agent Solutions, Inc., located at 992 Davidson Drive, Suite B, Nashville, Tennessee 37205-1051.

8.      Upon information and belief, Defendant SentryNet changed its name from "SentryNet" to "Stanley Convergent Security Solutions, Inc" some time after October 5, 2019.

9.      Pursuant to T.C.A. § 16-10-101, subject matter jurisdiction and venue are proper with this Court.

10.     Pursuant to T.C.A. §§ 20-2-214 and 20-2-223, this Court has personal jurisdiction over the Defendants because they transact business in Tennessee and direct products to be sold within Tennessee.

## FACTS

11.     Plaintiff incorporates by reference paragraphs (1) through (11) as if restated herein verbatim.

12.     Upon information and belief, Defendant Broan manufactured, assembled, and sold a Model 688-K ventilation fan designed for bathroom and other household use.

13.     A Broan Model 688-K ventilation fan was installed and in use within a bathroom located within the Premises (hereinafter, the "Fan").

14.     The Fan had code of "41 E" on the inside of the interior face.

15.     Upon information and belief, code "41 E" for Broan Model 688-K ventilation fans corresponds to a manufacture date of May of 2014.

16.     Plaintiff purchased or began using the Fan some time after May of 2014.

17.     Bathroom exhaust fans such as the Fan at issue have an expected usable life of at least ten years.

18.     Bathroom exhaust fans are products that normally do not ignite over the course of their expected usable life.

19.     Bathroom exhaust fans such as the Fan at issue do not typically ignite after only five to six years of use.

20.     Bathroom exhaust fans such as the Fan at issue do not typically require preventative maintenance within the first five to six years of use to prevent ignition.

21.     Over the course of its life, the Fan's motor had never been opened, tampered with, or otherwise moved from its original installation location.

22.     On or about the evening of October 5, 2019, the Fan caught fire, igniting the toilet paper tissue or some other material within the bathroom and setting fire to the bathroom.

23.     The subsequent fire caused the fire sprinkler system to engage on the Premises, wherein the system sprayed water for approximately eight hours.

24.     It was reasonably foreseeable that a fire caused by the defective or dangerous condition of a bathroom ventilation fan would cause a fire sprinkler system to engage as occurred in this case.

25.     Water from the sprinkler system ran through the Premises and caused damage to a number of commercial printers utilized by Parris Printing, LLC in its commercial printing business. See the Photographs attached as ("Exhibit A").

26.     At the time of the fire at issue, the Fan was being used in its normal commercial purpose and had not been otherwise altered, misused, or damaged.

## CAUSES OF ACTION

### I.     STRICT LIABILITY AGAINST DEFENDANT BROAN

27.     Plaintiff incorporates by reference paragraphs (1) through (26) as if restated herein verbatim.

28.     Upon information and belief, Defendant Broan exercised substantial control over the design, testing, manufacturing, packaging, assembly, and labeling of the Fan.

29.     Upon information and belief, Defendant Broan assembled the Fan using a motor manufactured by Defendant A.O.

30.     Upon information and belief, at the time the Fan left the control of Defendant Broan, it was in a defective or unreasonably dangerous condition as defined in T.C.A. § 29-28-102(8).

31.     It is unreasonably dangerous for a bathroom ventilation fan to ignite with such force as to burn or melt the porcelain toilet below.

32.     The Fan reached the consumer, Plaintiff, without substantial change in condition prior to its installation and without substantial change in its condition during its use upon the Premises.

33.     The dangerous and defective condition of the Fan was the cause in fact and proximate cause of the Fire as well as the resulting water damage by the fire sprinkler.

34.     The incident that caused Plaintiff's harm, the fire, was the type of incident that does not ordinarily occur in the absence of a product defect.

35.     The fire was not the result of other reasonably possible causes attributable to any individuals or entities other than defendants Broan and A.O. Smith.

36.     It was reasonably foreseeable that an ignition of a bathroom fan could result in additional damage stemming from resultant fire extinguisher system deployment.

## II.     NEGLIGENCE OF DEFENDANT BROAN

37.     Plaintiff incorporates its allegations set forth in paragraphs (1) through (36) herein by reference.

38.     Alternatively, Defendant Broan knew or should have known that its design of the Fan was unreasonably dangerous.

39.     Upon information and belief, Defendant Broan damaged, improperly manufactured, or improperly designed the Fan in such a way as to make it an unreasonably high fire hazard.

40.     Upon information and belief, Defendant Broan failed to warn consumers of the unreasonably high risk of fire.

41.     Upon information and belief, Defendant Broan has previously been sued for fires started by the same type of fan at issue.

42.     Upon information and belief, Defendant Broan had knowledge that the type of fan at issue and the type of A.O. motor used within were fire hazards.

43.     Upon information and belief, Defendant Broan took no steps to recall the type of fan at issue or to warn consumers that said fans are a fire hazard.

III.     **BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY AGAINST DEFENDANT BROAN**

44.     Plaintiff incorporates by reference paragraphs (1) through (43) as if restated herein verbatim.

45.     Most consumers do not expect that their bathroom ventilation fans to ignite within the first ten years of use.

46.     Bathroom ventilation fans are typically installed in locations where toilet paper and other flammable cleaning materials are stored.

47.     The Fan at issue was not fit for the ordinary purpose of use within a location where toilet paper or other flammable substances are stored.

48.     The Fan at issue was not of the make or quality of other standard ventilation fans marketed to consumers.

49.     Upon information and belief, the entire line of Broan Model 688-K ventilation fans fail to perform to the standards of typical bathroom ventilation fans inasmuch as they are unreasonably dangerous.

50.     Defendant Braun breached its implied warranty of merchantability, selling a product that was unfit for its ordinary intended purpose.

## IV.     STRICT LIABILITY AGAINST DEFENDANT A.O. SMITH CORPORATION

51.     Plaintiff incorporates by reference paragraphs (1) through (50) as if restated herein verbatim.

52.     Upon information and belief, Defendant A.O. manufactured and designed the motor contained within Fan.

53.     Upon information and belief, the motor used within the Fan and manufactured by A.O. was in an unreasonably dangerous and defective condition at the time it left the control of Defendant A.O., as the motor winding had a cut or gap that created a short within the motor that resulted in and caused the ignition at issue.

54.     The defective condition of the motor manufactured by A.O. was the actual and proximate cause of the property damage sustained by Parris Printing, LLC.

55.     It is unreasonably dangerous for a bathroom ventilation fan motor to ignite with such force as to burn or melt the porcelain toilet below.

56.     The dangerous and defective condition of the Fan's motor was the cause in fact and proximate cause of the Fire as well as the resulting water damage by the fire sprinkler.

57.     The incident that caused Plaintiff's harm, the Fire, was the type of incident that does not ordinarily occur in the absence of a product defect.

58.     It was reasonably foreseeable that an ignition of a bathroom fan could result in additional damage stemming from resultant fire extinguisher system deployment.

59.     The Fan reached the consumer, Plaintiff, without substantial change in condition prior to its installation and without substantial change in its condition during its use upon the Premises.

60.     The dangerous and defective condition of the Fan was the cause in fact and proximate cause of the Fire as well as the resulting water damage by the fire sprinkler.

61.     The incident that caused Plaintiff's harm, the Fire, was the type of incident that does not ordinarily occur in the absence of a product defect.

62.     The Fire was not the result of other reasonably possible causes attributable to any individuals or entities other than defendants Broan and A.O. Smith.

## V.     BREACH OF CONTRACT OF SENTRYNET

63.     Plaintiff incorporates its allegations set forth in paragraphs (1) through (62) herein by reference.

64.     Upon information and belief, Defendant SentryNet was under contract to provide alarm systems monitoring for the Premises.

65.     Upon information and belief, the fire sprinkler system activated on the evening of October 5, 2019 and continued spraying for approximately 8 hours to the morning October 6, 2019, when it was discovered that the Premises had suffered significant water damage.

66.     If Defendant SentryNet had responded to the fire alarm system deployment, the amount of damage would have been significantly curtailed, as the water system ultimately caused water damage to the premises and personal property such as commercial printers.

67.     It is reasonably foreseeable that a failure to monitor the alarm systems could result in extensive damage to the Premises when allowed to spray water for multiple hours.

68.     Upon information and belief, SentryNet took no action to stop the fire sprinkler system, alert any authorities about the deployment, or alert anyone else that the fire sprinkler system had been engaged, despite having eight hours to do so.

## DAMAGES

69.     Plaintiff incorporates by reference paragraphs (1) through (68) as if restated herein verbatim.

70.     As a direct and proximate result of the resulting fire and the fire sprinkler deployment, the Premises and property suffered damage totaling $243,734.78.

71.     After the deductible paid by Parris Printing, LLC, The Cincinnati Insurance Companies paid a total of $241,234.18 to or on behalf of Parris Printing, LLC related to the loss from the subject fire and water damage. The Cincinnati Insurance Companies is entitled to recover all of these expenses.

WHEREFORE, premises considered, Plaintiff The Cincinnati Insurance Companies a/s/o Parris Printing, LLC, hereby demands a judgment against Defendants for the sum of $243,734.78 for damages, that service of process issue and be served upon Defendants requiring them to appear and answer within the time required by law, and for all other relief to which Plaintiff may be entitled from this Court, including discretionary costs, court costs, and any further and general relief.

This the 8th day of September, 2022.

Respectfully submitted,

MCANGUS GOUDELOCK & COURIE, LLC


BRIAN F. WALTHART, 024777
MATTHEW Z. HUFFER, 037564
Post Office Box 198349
201 4th Avenue N., Suite 1400
Nashville, Tennessee 37219
Phone: (615) 499-7292
Facsimile: (615) 523-1496
Email: brian.walthart@mgclaw.com
Email: matthew.huffer@mgclaw.com

ATTORNEYS FOR CINCINNATI THE
INSURANCE COMPANIES A/S/O PARRIS
PRINTING

## COST BOND AND SURETY

We are surety for court costs in this cause.

_____

MATTHEW Z. HUFFER



FILED 09/06/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY

EXHIBIT

A

loss photos

loss photos

EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY



loss photos

EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

loss photos

COPY

loss photos

EFILED 09/06/22 12:57 PM CASE NO. 22C1100 Joseph P. Day, Clerk

COPY



EFILED 09/06/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY

**loss photos**

loss photos

EFILED 09/08/22 12:47 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY

loss photos

EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

loss photos

EFILED 09/08/22 12:57 PM CASE NO. 22C1600 Joseph P. Day, Clerk

COPY

loss photos

EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

loss photos

EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY

EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY



**loss photos**

EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk



**loss photos**

loss photos

EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk



COPY

**loss photos**



EFILED: 09/08/22 12:57 PM CASE NO. 22C1800 Jutina P. Day, Clerk

COPY

**loss photos**

EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY

**loss photos**



EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY

loss photos

**loss photos**

COPY

loss photos

COPY

EFILED 09/08/22 18:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

loss photos

COPY

loss photos

COPY

EFILED 09/06/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk



loss photos

EFILED 09/06/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

**loss photos**



loss photos

EFILED 09/04/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY

loss photos

EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

loss photos

EFILED 09/08/22 12:57 PM CASE NO. 22C1803 Joseph P. Day, Clerk

loss photos

EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk



**loss photos**



COPY

loss photos

EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk



**loss photos**

EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk



loss photos

loss photos

EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY

loss photos

COPY



EFILED 09/08/22 14:37 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY

**loss photos**

EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk



loss photos

loss photos

EFILED 09/08/22 12:57 PM CASE NO. 22C1600 James D. Dax, Clerk

loss photos

EFILED 09/08/22 18:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

loss photos

EFILED 09/08/22 12:57 PM CASE NO. 22C1600 Jneecb D. Day, Clerk



EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY

**loss photos**

COPY

**loss photos**

EFILED 09/06/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

**loss photos**

COPY

loss photos

EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

loss photos

COPY

EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

EFILED 09/08/22 12:57 PM CASE NO. 22CI800 Joseph P. Day, Clerk

loss photos

loss photos

COPY

EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

loss photos

EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

loss photos

EFILED 09/08/22 12:57 PM CASE NO. 22C1100 Joseph P. Day Clerk

COPY



EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

loss photos



EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY

**loss photos**



loss photos

EFILED 09/08/22 12:57 PM CASE NO. 22C1600 Joseph P. Day, Clerk

**loss photos**

EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk



EFILED 09/08/22 12:57 PM CASE NO. 22C1100 Joseph P. Day, Clerk

COPY

**loss photos**



EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

**loss photos**



**loss photos**

EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph D. Day, Clerk



EFILED 09/06/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY

**loss photos**

EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY

**loss photos**

EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk



COPY

**loss photos**

loss photos

EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

**loss photos**

EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY

**loss photos**

COPY

COPY



EFILED 09/08/22 12:57 PM CASE NO. 22C-980 Joseph P. Day Clerk

**Office**

COPY



**Office**

FFILED 09/08/22 12:57 PM CASE NO. 22C1800  Joseph P. Day, Clerk

COPY



**Hall**

FILED · 09/09/22 · 12:12 PM · CASE NO. 22C1800 · Joseph P. Day, Clerk

COPY



COPY

**Office**

COPY



**Hall**

EFILED 09/08/22 12:57 PM  CASE NO. 22C1800  Joseph P. Day  Clerk

COPY



**Digital print room**

COPY



Case 3:22-cv-00829 Document 1-1 Filed 10/14/22 Page 82 of 219 PageID #: 86

**Digital printer. Damage unknown**

COPY



Versant 2100 Press

**Digital printer**

Case 3:22-cv-00829   Document 1-1   Filed 10/14/22   Page 83 of 219 PageID #: 87

FILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY



**Digital printer damaged beyond repair**

EFILED 09/08/22 12:57 PM  CASE NO. 22C1800  Joseph P. Day, Clerk



**Bathroom. Origin of fire**

COPY

EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY



ENTERED 09/19/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

**Digital printer**

Digital printer

COPY

EFILED  09/08/22 11:52 PM  CASE NO. 22C1800  Joseph P. Day, Clerk

COPY



EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph F. Day, Clerk

**Copier damaged beyond repair**

Supply room. Damaged order

COPY

COPY



EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day Clerk

**Hall**

COPY



EFILED 09/08/22 12:57 PM  CASE NO. 22C1800  Joseph P. Day, Clerk

**Commode damage by fire**

COPY



**Hall**

Case 3:22-cv-00629   Document 1-1   Filed 10/14/22   Page 92 of 219 PageID #: 96

EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY



EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

**Hall**

COPY



**Office**

EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY



**Office**

EFILED 09/08/22 12:57 PM  CASE NO. 22C1800  Joseph P. Day, Clerk

COPY



FILED 09/08/22 12:57 PM CASE NO. 22C1800 20041 # 229 1300 4001

**Bathroom sink**

COPY



EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

**Computer room**

COPY



**Office supply room**

EFILED 09/08/22 12:57 PM  CASE NO. 22C1800  Joseph P Day, Clerk



**Kitchen**

COPY

EFILED 09/08/22 12:41 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY



FILED 19/08/22 12:57 PM - CASE NO. 22C1800, Joseph P. Day, Clerk

**Office**

COPY



**Office**

EFILED 09/08/22 12:57 PM   CASE NO. 22C1800   Joseph P. Day, Clerk

COPY



**Office. Minimal Sheetrock damage**

EFILED 09/08/22 12:57 PM  CASE NO. 22C1800  Joseph P. Day, Clerk

COPY

| DAVIDSON COUNTY Circuit Court 316630 | RETURN OF SERVICE | CIVIL ACTION DOCKET NO. 22C1800 |
|---|---|---|

**PLAINTIFF**

CINCINNATI INSURANCE COMPANY A/S/O PARRIS PRINTING A/K/A PARRIS PRINTING LLC   vs.

**DEFENDANT**

BROAN-NUTONE LLC

SERVICE DOCUMENT: SUMMONS DAVIDSON CO-D2 W/C, EX (X3)

TO:   AO SMITH CORPORATION
      2908 POSTON AVENUE
      C/O THE PRENTICE-HALL CORP SYS
      NASHVILLE, TN  37203

**OFFICER'S RETURN:**

☑ **Executed and/or Served on** AO SMITH CORPORATION **in the following manner:**

   Service, Personal

   **Comment:**

   **Court Date:**

☐ **Unable to Execute and/or Serve:** _____

   **Comment:**

                                        **DATE OF SERVICE:** 09/13/2022

                                        DARON HALL, SHERIFF

                                        BY: _____ /s/ Cynthia Walker _____
                                                 Deputy Sheriff
                                        P. O. Box 196383, Nashville, TN 37219-6383

Rev. 06/02/2020

COPY

STATE OF TENNESSEE, COUNTY OF DAVIDSON, CIRCUIT COURT

| | |
|---|---|
| **CINCINNATI INSURANCE COMPANY ASO PARRIS PRINTING AKA PARRIS PRINTING LLC.** | Case No.: **22C1800** |
| Plaintiff/Petitioner | |
| vs. | |
| **BROAN-NUTONE LLC.** | AFFIDAVIT OF SERVICE OF |
| Defendant/Respondent | **SUMMONS; COMPLAINT WITH EXHIBITS** |

Received by **Jerrold Allen**, on the **9th day of September, 2022 at 11:12 PM** to be served upon **Broan-NuTone, LLC c/o C/O The Prentice-Hall Corporation System, Agent** at **251 Little Falls Drive, Wilmington, New Castle County, DE 19808.**
On the **14th day of September, 2022 at 12:18 PM**, I, **Jerrold Allen**, SERVED **Broan-NuTone, LLC c/o C/O The Prentice-Hall Corporation System, Agent** at **251 Little Falls Drive, Wilmington, New Castle County, DE 19808** in the manner indicated below:

**CORPORATE SERVICE**, by personally delivering **1** copy(ies) of the above listed documents to the named Corporation, by serving **C/O The Prentice-Hall Corporation System, Agent**, on behalf of said Corporation.
THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to C/O The Prentice-Hall Corporation System, Agent with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a black-haired white female contact 45-55 years of age, 5'8"-5'10" tall and weighing 160-180 lbs.**

Service Fee Total: **$125.00**

I am a citizen of the United States, over the age of eighteen, not a party to nor interested in the above entitled action, and have the proper authority in the jurisdiction in which this service was made. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true and accurate.

NAME:

_Jerrold Allen_      09/14/2022

Jerrold Allen; 2506 Palmyra Ct, Churchville,    Server ID #      Date
MD 21208

EFILED 09/15/22 08:48 AM CASE NO. 22C1800 Joseph P. Day, Clerk

| DAVIDSON COUNTY<br>Circuit Court<br>316629 | RETURN OF SERVICE | CIVIL ACTION<br>DOCKET NO. 22C1800 |
|---|---|---|

| PLAINTIFF | DEFENDANT |
|---|---|
| CINCINNATI INSURANCE COMPANY A/S/O PARRIS PRINTING A/K/A PARRIS PRINTING LLC   vs. | BROAN-NUTONE LLC |

**SERVICE DOCUMENT:** SUMMONS DAVIDSON CO-D3 W/C, EX (X3)

**TO:** STANLEY CONVERGENT SECURITY SOLUTIONS INC F/D/B/A SENTRYNET
992 DAVIDSON DRIVE SUITE B
C/O REGISTERED AGENT SOLUTIONS
NASHVILLE, TN 37205

---

**OFFICER'S RETURN:**

☑ **Executed and/or Served on** STANLEY CONVERGENT SECURITY SOLUTIONS INC F/D/B/A SENTRYNET **in the following manner:**

Service, Personal

**Comment:**

**Court Date:**

☐ **Unable to Execute and/or Serve:** _____

**Comment:**

**DATE OF SERVICE:** 09/13/2022

DARON HALL, SHERIFF

BY: _____/s/ Thomas Pillow_____
Deputy Sheriff
P. O. Box 196383, Nashville, TN 37219-6383

Rev. 06/02/2020

EFILED 09/20/22 03:36 PM CASE NO. 22C1800 Joseph P. Day, Clerk

## IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

| | | |
|---|---|---|
| THE CINCINNATI INSURANCE COMPANIES a/s/o PARRIS PRINTING, LLC, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | NO. 22C1800 JURY DEMAND (12) |
| BROAN-NUTONE, LLC A.O. SMITH CORPORATION, and STANLEY CONVERGENT SECURITY SOLUTIONS, INC. f/k/a SENTRYNET | ) ) ) ) ) | |
| Defendants. | ) ) | |

### NOTICE OF APPEARANCE

Comes now the firm of Feeney & Murray, P.C. and enters its appearance on behalf of Defendant, Stanley Convergent Security Solutions, Inc. This Notice of Appearance is made without waiver of and with specific reservation of all defenses set forth under Rules 8 and 12 of the Tennessee Rules of Civil Procedure.

Respectfully submitted,

**FEENEY & MURRAY, P.C.**

By: _____

**John Thomas Feeney**, BPRN 11482
*Attorney for Stanley Convergent Security Solutions, Inc.*
9019 Overlook Boulevard, Suite D-4
Brentwood, Tennessee 37027
(615) 377-9000
jtf@feeneymurray.com

COPY

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been forwarded **via U.S. mail, postage prepaid** to:

> Brian Walthart
> Mathew Z. Huffer
> McAngus Goudelock & Courie, LLC
> P.O. Box 198349
> 201 4th Avenue North, Suite 1400
> Nashville, Tennessee 37219

This the 20th day of September, 2022.

John Thomas Feeney

COPY

## IN THE CIRCUIT COURT OF DAVIDSON COUNTY, TENNESSEE
## AT NASHVILLE

**THE CINCINNATI INSURANCE
COMPANIES a/s/o PARRIS
PRINTING, LLC,**

      **Plaintiff**                         **Docket No.:22C1800**

**vs.**

                                            **JURY DEMAND (12)**

**BROAN-NUTONE, LLC,
A.O. SMITH CORPORATION,
STANLEY CONVERGENT SECURITY
SOLUTIONS, INC. f/k/a SENTRYNET,
and BEACON TECHNOLOGIES, INC.**

      **Defendants.**

## FIRST AMENDED COMPLAINT

COMES NOW, The Cincinnati Insurance Companies a/s/o Parris Printing, LLC,(hereinafter, "Plaintiff"), by and through undersigned counsel, and file this First Amended Complaint against the Defendants, Broan-NuTone, LLC ("Broan"), A.O. Smith Corporation ("A.O."), Stanley Convergent Security Solutions, Inc. f/k/a SentryNet ("SentryNet"), and Beacon Technologies, Inc., and hereby alleges and states as follows:

### PARTIES AND VENUE

1.     Plaintiff brings this action to recover for damages related to a fire that occurred on or about October 5, 2019 at the principal place of business of Parris Printing, LLC located at 211 Whitsett Road, Nashville, Tennessee 37210 (hereinafter, the "Premises").

2.     The Cincinnati Insurance Companies is an insurance company authorized to do business in the state of Tennessee. It is located in Ohio.

Page **1** of 13

3.      Parris Printing, LLC was an insured of The Cincinnati Insurance Companies at all relevant times to this lawsuit.

4.      Upon information and belief, Defendant Broan is a Delaware Limited Liability Company that manufacturers and designs air quality regulation devices and has a principal place of business located at 926 W State Street, Hartford, Wisconsin 53027. The registered agent for Broan is The Prentice-Hall Corporation System, Inc., located at 251 Little Falls Drive, Wilmington, Delaware 19808.

5.      Upon information and belief, Defendant Broan regularly places its products within the stream of commerce in the state of Tennessee.

6.      Upon information and belief, Defendant A.O. is a Delaware Corporation authorized to do business in the State of Tennessee that manufactures a variety of products, including electric motors, and has a principal place of business located at 11270 W Park Place, Milwaukee, Wisconsin 53224. The registered agent for A.O. is The Prentice-Hall Corporation System, Inc., located at 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

7.      Upon information and belief, Defendant SentryNet is an Indiana Corporation authorized to do business in the State of Tennessee that performs alarm system monitoring and has a principal place of business located at 8350 Sunlight Drive, Fishers, Indiana 46037. The registered agent for SentryNet is Registered Agent Solutions, Inc., located at 992 Davidson Drive, Suite B, Nashville, Tennessee 37205-1051.

8.      Upon information and belief, Defendant SentryNet changed its name from "SentryNet" to "Stanley Convergent Security Solutions, Inc" some time after October 5, 2019.

9.      Upon information and belief, Broan Technologies, Inc. is a Tennessee Corporation with a principal place of business located at 1441 Donelson Pike, Nashville,

Tennessee 37217, whose registered agent is Genny Freeman Spann, who may be served at the same address.

10.     Pursuant to T.C.A. § 16-10-101, subject matter jurisdiction and venue are proper with this Court.

11.     Pursuant to T.C.A. §§ 20-2-214 and 20-2-223, this Court has personal jurisdiction over the Defendants because they transact business in Tennessee and direct products to be sold within Tennessee.

## FACTS

12.     Plaintiff incorporates by reference paragraphs (1) through (11) as if restated herein verbatim.

13.     Upon information and belief, Defendant Broan manufactured, assembled, and sold a Model 688-K ventilation fan designed for bathroom and other household use.

14.     A Broan Model 688-K ventilation fan was installed and in use within a bathroom located within the Premises (hereinafter, the "Fan").

15.     The Fan had code of "41 E" on the inside of the interior face.

16.     Upon information and belief, code "41 E" for Broan Model 688-K ventilation fans corresponds to a manufacture date of May of 2014.

17.     Plaintiff purchased or began using the Fan some time after May of 2014.

18.     Bathroom exhaust fans such as the Fan at issue have an expected usable life of at least ten years.

19.     Bathroom exhaust fans are products that normally do not ignite over the course of their expected usable life.

20.     Bathroom exhaust fans such as the Fan at issue do not typically ignite after only five to six years of use.

21.     Bathroom exhaust fans such as the Fan at issue do not typically require preventative maintenance within the first five to six years of use to prevent ignition.

22.     Over the course of its life, the Fan's motor had never been opened, tampered with, or otherwise moved from its original installation location.

23.     On or about the evening of October 5, 2019, the Fan caught fire, igniting the toilet paper tissue or some other material within the bathroom and setting fire to the bathroom.

24.     The subsequent fire caused the fire sprinkler system to engage on the Premises, wherein the system sprayed water for approximately eight hours.

25.     It was reasonably foreseeable that a fire caused by the defective or dangerous condition of a bathroom ventilation fan would cause a fire sprinkler system to engage as occurred in this case.

26.     Water from the sprinkler system ran through the Premises and caused damage to a number of commercial printers utilized by Parris Printing, LLC in its commercial printing business.  See the Photographs attached as ("Exhibit A").

27.     At the time of the fire at issue, the Fan was being used in its normal commercial purpose and had not been otherwise altered, misused, or damaged.

## CAUSES OF ACTION

### I.     STRICT LIABILITY AGAINST DEFENDANT BROAN

28.     Plaintiff incorporates by reference paragraphs (1) through (27) as if restated herein verbatim.

29.     Upon information and belief, Defendant Broan exercised substantial control over the design, testing, manufacturing, packaging, assembly, and labeling of the Fan.

30.     Upon information and belief, Defendant Broan assembled the Fan using a motor manufactured by Defendant A.O.

31.     Upon information and belief, at the time the Fan left the control of Defendant Broan, it was in a defective or unreasonably dangerous condition as defined in T.C.A. § 29-28-102(8).

32.     It is unreasonably dangerous for a bathroom ventilation fan to ignite with such force as to burn or melt the porcelain toilet below.

33.     The Fan reached the consumer, Plaintiff, without substantial change in condition prior to its installation and without substantial change in its condition during its use upon the Premises.

34.     The dangerous and defective condition of the Fan was the cause in fact and proximate cause of the Fire as well as the resulting water damage by the fire sprinkler.

35.     The incident that caused Plaintiff's harm, the fire, was the type of incident that does not ordinarily occur in the absence of a product defect.

36.     The fire was not the result of other reasonably possible causes attributable to any individuals or entities other than defendants Broan and A.O. Smith.

37.     It was reasonably foreseeable that an ignition of a bathroom fan could result in additional damage stemming from resultant fire extinguisher system deployment.

## II.     NEGLIGENCE OF DEFENDANT BROAN

38.     Plaintiff incorporates its allegations set forth in paragraphs (1) through (37) herein by reference.

39.     Alternatively, Defendant Broan knew or should have known that its design of the Fan was unreasonably dangerous.

40.     Upon information and belief, Defendant Broan damaged, improperly manufactured, or improperly designed the Fan in such a way as to make it an unreasonably high fire hazard.

41.     Upon information and belief, Defendant Broan failed to warn consumers of the unreasonably high risk of fire.

42.     Upon information and belief, Defendant Broan has previously been sued for fires started by the same type of fan at issue.

43.     Upon information and belief, Defendant Broan had knowledge that the type of fan at issue and the type of A.O. motor used within were fire hazards.

44.     Upon information and belief, Defendant Broan took no steps to recall the type of fan at issue or to warn consumers that said fans are a fire hazard.

### III.     BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY AGAINST DEFENDANT BROAN

45.     Plaintiff incorporates by reference paragraphs (1) through (44) as if restated herein verbatim.

46.     Most consumers do not expect that their bathroom ventilation fans to ignite within the first ten years of use.

47.     Bathroom ventilation fans are typically installed in locations where toilet paper and other flammable cleaning materials are stored.

48.     The Fan at issue was not fit for the ordinary purpose of use within a location where toilet paper or other flammable substances are stored.

49.     The Fan at issue was not of the make or quality of other standard ventilation fans marketed to consumers.

50.     Upon information and belief, the entire line of Broan Model 688-K ventilation fans fail to perform to the standards of typical bathroom ventilation fans inasmuch as they are unreasonably dangerous.

51.     Defendant Braun breached its implied warranty of merchantability, selling a product that was unfit for its ordinary intended purpose.

**IV.     STRICT LIABILITY AGAINST DEFENDANT A.O. SMITH CORPORATION**

52.     Plaintiff incorporates by reference paragraphs (1) through (51) as if restated herein verbatim.

53.     Upon information and belief, Defendant A.O. manufactured and designed the motor contained within Fan.

54.     Upon information and belief, the motor used within the Fan and manufactured by A.O. was in an unreasonably dangerous and defective condition at the time it left the control of Defendant A.O., as the motor winding had a cut or gap that created a short within the motor that resulted in and caused the ignition at issue.

55.     The defective condition of the motor manufactured by A.O. was the actual and proximate cause of the property damage sustained by Parris Printing, LLC.

56.     It is unreasonably dangerous for a bathroom ventilation fan motor to ignite with such force as to burn or melt the porcelain toilet below.

57.     The dangerous and defective condition of the Fan's motor was the cause in fact and proximate cause of the Fire as well as the resulting water damage by the fire sprinkler.

COPY

58.     The incident that caused Plaintiff's harm, the Fire, was the type of incident that does not ordinarily occur in the absence of a product defect.

59.     It was reasonably foreseeable that an ignition of a bathroom fan could result in additional damage stemming from resultant fire extinguisher system deployment.

60.     The Fan reached the consumer, Plaintiff, without substantial change in condition prior to its installation and without substantial change in its condition during its use upon the Premises.

61.     The dangerous and defective condition of the Fan was the cause in fact and proximate cause of the Fire as well as the resulting water damage by the fire sprinkler.

62.     The incident that caused Plaintiff's harm, the Fire, was the type of incident that does not ordinarily occur in the absence of a product defect.

63.     The Fire was not the result of other reasonably possible causes attributable to any individuals or entities other than defendants Broan and A.O. Smith.

## V.     BREACH OF CONTRACT OF SENTRYNET

64.     Plaintiff incorporates its allegations set forth in paragraphs (1) through (63) herein by reference.

65.     Upon information and belief, Defendant SentryNet was under contract to provide alarm systems monitoring for the Premises.

66.     Upon information and belief, the fire sprinkler system activated on the evening of October 5, 2019 and continued spraying for approximately 8 hours to the morning October 6, 2019, when it was discovered that the Premises had suffered significant water damage.

COPY

67.     If Defendant SentryNet had responded to the fire alarm system deployment, the amount of damage would have been significantly curtailed, as the water system ultimately caused water damage to the premises and personal property such as commercial printers.

68.     It is reasonably foreseeable that a failure to monitor the alarm systems could result in extensive damage to the Premises when allowed to spray water for multiple hours.

69.     Upon information and belief, SentryNet took no action to stop the fire sprinkler system, alert any authorities about the deployment, or alert anyone else that the fire sprinkler system had been engaged, despite having eight hours to do so.

70.     The Contract between SentryNet and Plaintiff is attached hereto as Exhibit B.

71.     Monetary limitations contained within the Contract in Exhibit B are exculpatory in nature and against public policy as they limit the sum of potential recovery well below what is reasonable and in the interest of the consumer.

72.     Tenn. Code Ann. § sets forth various restrictions and regulations on fire alarm contractors, installers and monitors.

## VI.     NEGLIGENCE OF DEFENDANT SENTRYNET

73.     Plaintiff incorporates its allegations set forth in paragraphs (1) through (72) herein by reference.

74.     Defendant SentryNet was under a duty to exercise reasonable care and oversight over its monitoring services described within the Contract.

75.     Defendant SentryNet breached its duty to Parris Printing by failing to monitor or report the fire extinguishing alarm within a reasonable amount of time.

76.     Defendant SentryNet never informed or alerted any authorities within the eight hour period at which point the fire extinguisher system deployment was discovered by Parris Printing.

COPY

77.     Defendant SentryNet's negligence in monitoring the alarm system was an actual and proximate cause of the fire system deploying well beyond what was necessary and causing additional damage to the premises.

78.     Plaintiff is entitled to recover the sum paid to Parris printing to cover the loss resulting from the ongoing fire extinguisher.

**VII.     BREACH OF CONTRACT AGAINST BEACON TECHNOLOGIES, INC.**

79.     Plaintiff incorporates its allegations set forth in paragraphs (1) through (78) herein by reference.

80.     Parris Printing had a Contract for installation and monitoring services administered through Beacon Technologies, Inc. in the alternative and in addition to that of SentryNet. The Contract between Parris Printing and Beacon Technologies can be found in Exhibit B.

81.     Defendant Beacon Technologies had a duty to provide ongoing monitoring services that would have resulted in the fire alarm system being deactivated within a reasonable time period.

82.     Beacon Technologies was under a duty under the Contract to provide reasonable alarm system monitoring.

83.     Defendant Beacon Technologies materially breached the contract by failing to notify any applicable authorities within a reasonable time frame.

84.     Defendant Beacon Technologies never informed or alerted any authorities within the eight hour period at which point the fire extinguisher system deployment was discovered by Parris Printing.

85.     The breach of Defendant Beacon Technologies resulted in damages to the facility owned and operated by Parris Printing.

86.     Plaintiff is entitled to recover for the sums paid to Parris Printing as a result of the loss incurred from the fire extinguisher's deploying for over eight hours.

## VIII.   NEGLIGENCE OF DEFENDANT BEACON TECHNOLOGIES

87.     Plaintiff incorporates its allegations set forth in paragraphs (1) through (86) herein by reference.

88.     Defendant Beacon Technologies was under a duty to exercise reasonable care and oversight over its monitoring services described within the Contract.

89.     Defendant Beacon Technologies breached its duty to Parris Printing by failing to monitor or report the fire extinguishing alarm within a reasonable amount of time.

90.     Defendant Beacon Technologies never informed or alerted any authorities within the eight hour period at which point the fire extinguisher system deployment was discovered by Parris Printing.

91.     Defendant Beacon Technologies' negligence in monitoring the alarm system was an actual and proximate cause of the fire system deploying well beyond what was necessary and causing additional damage to the premises.

92.     Plaintiff is entitled to recover the sum paid to Parris printing to cover the loss resulting from the ongoing fire extinguisher.

## <u>DAMAGES</u>

93.     Plaintiff incorporates by reference paragraphs (1) through (92) as if restated herein verbatim.

94.     As a direct and proximate result of the resulting fire and the fire sprinkler deployment, the Premises and property suffered damage totaling $243,734.78.

COPY

95. After the deductible paid by Parris Printing, LLC, The Cincinnati Insurance Companies paid a total of $241,234.18 to or on behalf of Parris Printing, LLC related to the loss from the subject fire and water damage. The Cincinnati Insurance Companies is entitled to recover all of these expenses.

WHEREFORE, premises considered, Plaintiff The Cincinnati Insurance Companies a/s/o Parris Printing, LLC, hereby demands a judgment against Defendants for the sum of $243,734.78 for damages, that service of process issue and be served upon Defendants requiring them to appear and answer within the time required by law, and for all other relief to which Plaintiff may be entitled from this Court, including discretionary costs, court costs, and any further and general relief.

This the 26th day of September, 2022.

Respectfully submitted,

MCANGUS GOUDELOCK & COURIE, LLC

BRIAN F. WALTHART, 024777
MATTHEW Z. HUFFER, 037564
Post Office Box 198349
201 4th Avenue N., Suite 1400
Nashville, Tennessee 37219
Phone: (615) 499-7292
Facsimile: (615) 523-1496
Email: brian.walthart@mgclaw.com
Email: matthew.huffer@mgclaw.com

ATTORNEYS FOR CINCINNATI THE
INSURANCE COMPANIES A/S/O PARRIS
PRINTING

COPY

## CERTIFICATE OF SERVICE

The undersigned hereby certified that a true and correct copy of the foregoing has been forwarded via the court's e-filing system and via e-mail to the parties listed below:

John Thomas Feeney
FEENEY & MURRAY, P.C.
9019 Overlook Boulevard, Suite D-4
Brentwood, Tennessee 37027
jtf@feeneymurray.com
*Attorney for Defendant Stanley Convergent Security Solutions, Inc.*

This, the 26th day of September, 2022

_____
MATTHEW Z. HUFFER



COPY

loss photos

FILED: 09/06/22 12:57 PM. CASE NO. 22C1800 Joseph P. Day, Clerk
FILED: 09/26/22 12:44 PM. CASE NO. 22C1800 Joseph P. Day, Clerk

EXHIBIT
A

**loss photos**

EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk
EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY

loss photos

EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk
EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

loss photos

COPY

loss photos

EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk
EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk
COPY



EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk
EFILED 09/06/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY

**loss photos**

EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk

EFILED 09/08/22 12:52 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY

**loss photos**

loss photos

EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk
EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

loss photos

EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk
EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

loss photos

EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk
EFILED 09/08/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk

loss photos

EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk
EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY



**loss photos**

EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk
EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY



EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk
EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

**loss photos**

EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk
EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY



**loss photos**



COPY

**loss photos**



EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk

EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY

**loss photos**

COPY

EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk
EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

**loss photos**

loss photos

COPY

COPY

loss photos

FILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk
FILED 09/08/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY

loss photos

EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk
EFILED 09/08/22 18:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

loss photos

EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk
EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY

loss photos

COPY

EFILED 09/06/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk
EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk

loss photos

EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk
EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

**loss photos**

EFILED  09/26/22 12:44 PM  CASE NO. 22C1800  Joseph P. Day, Clerk
EFILED  09/06/22 12:57 PM  CASE NO. 22C1800  Joseph P. Day, Clerk

COPY



EFILED 09/26/22 12:44 PM CASE NO. 22C1600 Joseph P. Day, Clerk
EFILED 09/04/22 12:57 PM CASE NO. 22C1600 Joseph P. Day, Clerk

COPY

**loss photos**

loss photos

EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk
EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

loss photos

EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk
EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

loss photos

EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk
EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk



loss photos

EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk
EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY



COPY

loss photos

loss photos

EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk
EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

loss photos

EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk
EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY

loss photos

COPY

loss photos

COPY



EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk

EFILED 09/08/22 12:37 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY

**loss photos**

loss photos

EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk
EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

loss photos

EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk
EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk
EFILED 09/08/22 1:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

**loss photos**

loss photos

EFILED 09/26/22 12:44 PM CASE NO. 22C1600 Joseph P. Day, Clerk
EFILED 09/08/22 12:57 PM CASE NO. 22C1600 Joseph P. Day, Clerk

loss photos

COPY

**loss photos**

COPY

EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk

EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY

**loss photos**

loss photos

EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk
EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

loss photos

COPY

EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk
EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk
EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

EXHIBIT

A

COPY

loss photos

COPY

loss photos

EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk
EFILED 09/06/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk
EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

loss photos

loss photos

EFILED 09/26/22 12:44 PM CASE NO. 22C1820 Joseph P. Day, Clerk

EFILED 09/08/22 12:57 PM CASE NO. 22C1820 Joseph P. Day, Clerk

COPY

loss photos

EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk
EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

loss photos

EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk

EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY



EFILED 09/26/22 12:44 PM CASE NO. 22C1600 Joseph P. Day, Clerk

EFILED 09/08/22 12:57 PM CASE NO. 22C1600 Joseph P. Day, Clerk

COPY

**loss photos**

loss photos

EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk
EFILED 09/06/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk



**loss photos**

EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk
EFILED 09/08/22 12:52 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY



EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk
EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

**loss photos**



loss photos

EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk
EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk



EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk
EFILED 09/06/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY

**loss photos**



EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk
EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY

loss photos

COPY

**loss photos**

loss photos

EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk
EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY

loss photos

EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk
EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY

EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk
EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk



**loss photos**



COPY

**Office**

EFILED 09/08/22 12:57 PM CASE NO. 22-C-830 Joseph P. Day Clerk

EFILED 09/26/22 12:44 PM CASE NO. 22-C-830 Joseph P. Day Clerk

COPY



Case 3:22-cv-00829  Document 1-1   Filed 10/14/22   Page 183 of 219 PageID #: 187

**Office**

COPY



Case 3:22-cv-00829  Document 1-1  Filed 10/14/22  Page 184 of 219 PageID #: 188

**Hall**

COPY



EXHIBIT

A

**Office**

COPY



**Hall**

EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day Clerk
EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day Clerk



**Digital print room**

EFILED 09/20/22 12:41 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY



Digital printer. Damage unknown

Case 3:22-cv-00829   Document 1-1   Filed 10/14/22   Page 188 of 219 PageID #: 192

COPY



**Digital printer**

FILED 09/08/22 12:51 PM CASE NO. 22C1800 Joseph P. Day, Clerk
FILED 09/29/22 12:41 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY



COPY

EFILED 09/08/22 12:57 PM   CASE NO. 22-C-180   Joseph P. Day, Clerk
EFILED 09/26/22 12:44 PM   CASE NO. 22-C-180   Joseph P. Day, Clerk

**Digital printer damaged beyond repair**

COPY



Bathroom. Origin of fire

COPY



EFILED 09/19/22 12:37 PM CASE NO. 22C1800 Joseph P. Day, Clerk
EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk

**Digital printer**

Digital printer

EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk

EFILED 09/08/22 11:52 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY



**Copier damaged beyond repair**

EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk
EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk

Supply room. Damaged order

EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

EFILED 09/08/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY

COPY



**Hall**

EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

EFILED 09/26/22 12:47 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY



**Commode damage by fire**

EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk
EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY



**Hall**

Case 3:22-cv-00829   Document 1-1   Filed 10/14/22   Page 198 of 219 PageID #: 202

EFILED 09/08/22 12:57 PM CASE NO. 22C1800  Joseph P. Day, Clerk
EFILED 09/26/22 12:41 PM CASE NO. 22C1800  Joseph P. Day, Clerk

COPY



EFILED 09/08/22 12:57 PM  CASE NO. 22C1800  Joseph P. Day, Clerk
EFILED 09/26/22 12:44 PM  CASE NO. 22C1800  Joseph P. Day, Clerk

**Hall**



COPY

EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk
EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY



**Office**

EFILED  09/08/22 12:57 PM  CASE NO. 22C1800  Joseph P. Day, Clerk
EFILED  09/26/22 12:44 PM  CASE NO. 22C1800  Joseph P. Day, Clerk

COPY



**Bathroom sink**

Case 3:22-cv-00829   Document 1-1   Filed 10/14/22   Page 202 of 219 PageID #: 206

COPY



**Computer room**

EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk
EFILED 09/28/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY



EFILED 09/08/22 12:57 PM  CASE NO. 22C1800  Joseph P. Day, Clerk
EFILED 09/26/22 12:44 PM  CASE NO. 22C1800  Joseph P. Day, Clerk

**Office supply room**

COPY



**Kitchen**

EFILED 09/08/22 12:17 PM CASE NO. 22C1800  Joseph P. Day, Clerk
EFILED 09/28/22 12:17 PM CASE NO. 22C1800  Joseph P. Day, Clerk

COPY



FILED 10/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk
EFILED 10/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

**Office**

COPY



**Office**

EFILED 09/08/22 12:57 PM   CASE NO. 22C1800   Joseph P. Day, Clerk
EFILED 09/26/22 12:44 PM   CASE NO. 22C1800   Joseph P. Day, Clerk

COPY



**Office. Minimal Sheetrock damage**

EFILED 09/08/22 12:57 PM CASE NO. 22C1800 Joseph P. Day, Clerk

EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk

# ALARM SYSTEM MONITORING AGREEMENT

**SENTRYNET**
*America's Leading Monitoring Network*

| INSTALLER | Installer Number |
|---|---|
| Beacon Technologies | 6935 |

| RECEIVER / LINE CARD NO. | 24 | ACCOUNT NUMBER | 5410 |
|---|---|---|---|

| SUBSCRIBER NAME | PRIMARY CONTACT NUMBER |
|---|---|
| Paris Printing | 6158327170 |
| **ADDRESS** | **SECONDARY CONTACT NUMBER** |
| 211 Whitsett RD | |

| CITY | STATE | ZIP |
|---|---|---|
| Nashville | TN | 37210 |

**SPECIAL INSTRUCTIONS:**

| PIN (Personal Identification Number) | EQUIPMENT TYPE | SIGNAL FORMAT | TEST SCHEDULE | OPEN/CLOSE |
|---|---|---|---|---|
| | Vista-20P | CID | None | N/A |

| | LIST OF AUTHORITIES | | TELEPHONE NUMBER | PERMIT NUMBER |
|---|---|---|---|---|
| 1 | POLICE | Nashville Metro Police | ( 615 ) 8628600 - | 01639 |
| 2 | FIRE | Nashville Metro Fire Department | ( 615 ) 3271300 - | |
| 3 | OTHER | Nashville Metro Fire Department | ( 615 ) 3271300 - | |
| 4 | OTHER | | ( ) - | |

| | PARTIES TO BE NOTIFIED | PIN | TELEPHONE NUMBER |
|---|---|---|---|
| 1 | Mark williams 615-300-1951 | | ( ) - |
| 2 | David Hare 615-351-4865 | | ( ) - |
| 3 | Richie Parr.S 615-478-9158 | | ( ) - |
| 4 | Robert Johannes 615-424-8385 | | ( ) - |
| 5 | | | ( ) - |

**ALARM CODES AND OPTIONS**

| ZONES | SIGNAL | DESCRIPTION | SILENT/ AUD BLE | VER FY ? | DISPATCH ? | DISPATCH NUMBER | NOTIFY ? | INDICATE NOTIFY NUMBER | NOTIFY ALARM CO. ? |
|---|---|---|---|---|---|---|---|---|---|
| 1 | IB | Front Motion | A | X | | | | | |
| 2 | IB | Shop Motion | A | X | | | | | |
| 3 | BEE | Front Door # 1 | A | X | | | | | |
| 4 | PB | Overhead Door # 1 | A | X | | | | | |
| 5 | PB | Overhead door # 2 | A | X | | | | | |
| 6 | PB | Shop Door | A | X | | | | | |
| 7 | PB | Overhead door # 3 | A | X | | | | | |
| 8 | PB | Overhead door # 4 | A | X | | | | | |
| 10 | IB | Pre Press motion | A | X | | | | | |
| 11 | PB | Back Door # 1 | A | X | | | | | |
| 12 | PB | Back Door # 2 | A | X | | | | | |
| 13 | PB | Back Door # 3 | A | X | | | | | |

BY SIGNING THIS MONITORING AGREEMENT, SUBSCRIBER ACKNOWLEDGES THAT THEY HAVE READ THE TERMS CONTAINED ON THE REVERSE SIDE AND THAT SUCH TERMS ARE A MATERIAL PART OF THIS AGREEMENT AND AGREES TO THE TERMS AND CONDITIONS AS SET FORTH. SECTIONS 4, 7, 8 AND 9 LIMIT OUR LIABILITY TO $500 IF YOU OR ANYONE ELSE SUFFERS ANY HARM (DAMAGES OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH) BECAUSE THE SYSTEM FAILED TO OPERATE PROPERLY OR WE WERE NEGLIGENT OR ACTED IMPROPERLY.

| | | |
|---|---|---|
| SUBSCRIBER SIGNATURE | Ardth Moseley  SUBSCRIBER NAME PRINTED | 6/18/11  DATE |

| | | |
|---|---|---|
| DEALER SIGNATURE | DEALER NAME PRINTED | APPROVED BY SENTRYNET |

MONITORING SERVICE WILL NOT BEGIN UNTIL SENTRYNET HAS RECEIVED A FULLY EXECUTED COPY OF THIS AGREEMENT, VALID TEST SIGNALS FROM THE SYSTEM AND ANY REQUIRED LICENSING INFORMATION.

REFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk

ASMA     REV JAN11

EXHIBIT
B

# TERMS AND CONDITIONS

1. **MONITORING SERVICE:** You have requested and authorized us to provide monitoring services for an alarm system ("system") installed or to be installed by June 8th 2021 _____ Installer. Installer and Subscriber have entered into an Agreement wherein and whereby Installer will provide monitoring services for Subscriber, such services to consist solely of those described herein. Installer has subcontracted such monitoring services to us and we agree to perform monitoring services solely as the subcontractor of Installer upon the terms and conditions set forth in this Agreement. INSTALLER IS NOT OWNED OR OPERATED BY US AND IS INDEPENDENT. YOU AGREE THAT WE DO NOT ASSUME AND SHALL NOT BE LIABLE FOR ANY ACTS OR OMISSIONS OF INSTALLER. When a signal from the system is received in our monitoring facility we will try to telephone the proper police or fire department, paramedic unit or other authorities, the first available person on your emergency call list and Installer. To avoid false alarms, we may call your premises first to determine if an actual emergency exists before we call any authorities. If we have reason to believe that no actual emergency exists, we may choose not to place such calls. We may discontinue any particular response service by giving you written notice if required to do so by any governmental agency or our liability insurance provider. MONITORING SERVICE WILL NOT BEGIN UNTIL WE HAVE RECEIVED AN APPROVED: (A) A FULLY EXECUTED COPY OF THIS AGREEMENT, (B) VALID TEST SIGNALS FROM THE SYSTEM, AND (C) ANY REQUIRED LICENSING INFORMATION. All monitoring fees are paid to us by the Installer.

2. **TERM OF AGREEMENT: SUSPENSION, DISCONNECTIONS:** This agreement shall continue for as long as Installer contracts with us for the performance of monitoring services for you. We may terminate monitoring services by giving you ten (10) days prior written notice, in the event that (i) Installer notifies us of its termination of service for you for any reason, (ii) Installer fails or refuses to make payments for services furnished to or be furnished to you by us, or (iii), the system is not maintained in good operating condition and repair. Upon giving such notice, this Agreement and all of our responsibilities hereunder shall come to end and neither party hereto shall have any claim against the other for any further obligations. Upon termination of this Agreement for any reason, you agree to permit us to discontinue monitoring and further permit either Installer or our designee to enter your premises and disconnect your system from our monitoring network. You understand that we may stop or suspend monitoring service if (a) strikes, severe weather, earthquakes or other such events beyond our control affect the operation of our monitoring facility to the extent that continuing service would be impractical; (b) there is an interruption or unavailability of the telephone or Internet service between the system and our monitoring facility; (c) we are unable to provide service because of some action or ruling by any governmental authority.

3. **TRANSMISSION LINES: TRANSMISSION FACILITIES:** The system includes a communicator that sends signals to the Center by one of the following methods.

   a. **Standard Telephone Service.** The communicator is connected to your standard landline telephone service. We recommend the use of an RJ31X or equivalent telephone jack to give the system priority over other telephones in your premises, however, when the system is activated, you will be unable to use your telephone to make other calls (such as calls to the 911 emergency operator), and therefore, you may wish to have the system connected to a second telephone line. You agree to reimburse us for any costs we may incur to reprogram the system's communication devices because of area code changes or other dialing pattern changes.

   b. **Cellular or Radio Transmission.** If cellular or radio service is used as a primary or secondary transmission path, the communicator is connected to our cellular or radio network. Cellular or radio transmissions may be impaired or interrupted by atmospheric conditions, including electrical storms, power failures or other conditions and events beyond our control.

   c. **Internet Transmission.** The communicator is connected to the Internet, which uses your DSL telephone service [or cable service.] In order for the system to transmit signals, it must have uninterrupted access to an Internet connection. You further acknowledge that signals are transmitted over the Internet, which is wholly beyond our control and is maintained and serviced solely by the applicable telephone or cable utility and Internet service provider.

   d. The use of DSL, BPL, VoIP or other broadband or Internet-based telephone service may prevent the system from transmitting alarm signals to the Monitoring Center, after it is installed or at any time in the future, and/or interfere with the telephone line-seizure feature of the system. You agree to notify the Installer and us if you have installed or intend to install DSL, VoIP, BPL, or other broadband or Internet service. IMMEDIATELY AFTER THE INSTALLATION OF DSL, VoIP, BPL, OR OTHER BROADBAND OR INTERNET SERVICE YOU MUST TEST THE SYSTEM'S SIGNAL TRANSMISSION WITH THE MONITORING CENTER.

   You further acknowledge that signals are transmitted over telephone lines, cellular, radio or the Internet, which are wholly beyond our control and are maintained and serviced solely by the applicable telephone, cellular, radio or internet provider.

4. **FALSE ALARMS:** You agree that you or others using the system will use it carefully so as to avoid causing false alarms. If we receive too many false alarms we may cancel monitoring service. If a false alarm fine or penalty is charged to us by any governmental agency, you will repay us for the charge.

5. **SUBSCRIBERS DUTIES:** You will instruct all persons who may use the system on it's proper use. You will test the system and send test signals to our monitoring facility in accordance with our instructions at least monthly. If a problem in the system occurs you will notify the Installer and us immediately. You will obtain and keep in effect all permits and licenses that may be required for the installation and operation of the system. You will notify the installer and us in writing of any changes in the persons or telephone numbers of the information contained on the reverse side of this agreement. (IF THE SYSTEM INCLUDES ANY WIRELESS DEVICES, INCLUDING A PERSONAL PENDANT, THEY ARE BATTERY OPERATED. YOU ARE RESPONSIBLE FOR TESTING THE DEVICES AND REPLACING THE BATTERIES AS NEEDED AND AT LEAST ONCE A YEAR.)

6. **ASSIGNEES:** We may transfer or assign this agreement to any other alarm company. You may not transfer this agreement to someone else (including someone who purchase or rents your premises) unless we approve the transfer in writing.

7. **SENTRYNET IS NOT AN INSURER: LIMITATION OF LIABILITY:** You understand: (a) we are not an insurer of your property or the personal safety of persons in your premises; (b) you should provide any insurance on yourself and others who may use the system; (c) the amount you pay to us is based only on the value of the service we provide; (d) alarm systems and our monitoring service may not always operate properly for various reasons; (e) it is difficult to determine how fast the police or fire department, paramedics, persons you have designated, or others will respond to an alarm signal, (f) the system, service and transmission lines are limited as set forth in Sections 2 and 4 herein; (g) it is difficult to determine what portion, if any, of any property loss, personal injury or death would be proximately caused by our failure to perform, our negligence, or a failure of the system.

   **THEREFORE YOU AGREE:**

   Even if a court or other tribunal decides that our breach of this Agreement, a failure of the system, our negligence, or a failure of the installation, monitoring or repair service caused or allowed any harm or damage (whether property damage, personal injury or death) to you or anyone in your premises you agree that our liability shall be limited to $500.00, and this shall be your only remedy regardless of what legal theory is used to determine that SENTRYNET was liable for the injury or loss.

8. **THIRD PARTY INDEMNIFICATION AND SUBROGATION:** If anyone other than you, asks SENTRYNET to pay for any harm or damages (including property damage, personal injury or death) connected with or resulting from (i) a failure of the alarm system or services, our negligence, (ii) any other improper or careless activity of SENTRYNET in providing the alarm system or services or (iii) a claim for indemnification or contribution, you will repay to SENTRYNET (a) any amount which a court orders us to pay or which we reasonably agree to pay, and (b) the amount of our reasonable attorney's fees and other loss or costs that we may pay in connection with the harm or damages. Unless prohibited by your property insurance policy, you agree to release SENTRYNET from any claims of any parties suing through your authority or in your name, such as your insurance company, and you agree to defend us against any such claim. You will notify your insurance company of this release.

9. **LIMITATION OF LAWSUITS: WAIVER OF JURY TRIAL:** Both SENTRYNET and Subscriber agree that no lawsuit or any other legal proceeding connected with this agreement shall be brought or filed more than one year after the incident giving rise to the claim occurred. In addition any such legal proceeding shall not be heard before a jury. Each party gives up any right to a jury trial.

10. **ENTIRE AGREEMENT:** The entire and only agreement between you and SENTRYNET is written in this Agreement. It replaces any earlier oral or written understandings or agreements. It may only be changed by a written agreement signed by you (and if married, your spouse) and us. If you have given or ever give the Installer or us a purchase order for the service which provides for different terms than this agreement, this agreement will govern and be controlling. THIS AGREEMENT CANNOT BE AMENDED, ALTERED OR MODIFIED BY ANY AGREEMENT ENTERED INTO BETWEEN INSTALLER AND YOU. OUR DUTY AND OBLIGATION TO PROVIDE MONITORING SERVICE TO YOU ARISE SOLELY FROM THIS AGREEMENT. You are not a third party beneficiary to any agreement between the Installer and us. If any provision of this agreement is found to be invalid or illegal by a court, the balance of the agreement shall remain in force.

---

**ALARM COMPANIES ARE LICENSED AND REGULATED BY THE FOLLOWING AGENCIES:**

AL-0048600 - Alabama Electronic Security Board of Licensure, 7956 Vaughn Road, PMB 392, Montgomery, AL 36116
AR-E1068 - Arkansas State Police, #1 State Police Plaza Drive, Little Rock, AR 72209
CA-ACO5944 -Bureau of Security and Investigative Services, Department of Consumer Affairs, P.O. Box 989002, Sacramento, CA 95814
DE-230 - Delaware State Police Detective Licensing Section, P.O. Box 430, Macon, Dover, DE 19903
DE-CSRSL0032 - Delaware State Fire Marshall, P.O. Box 166A RD 2, Dover, DE 19904
FL-EF0001066 - Florida Electrical Contractors Licensing Board, 1950 North Monroe Street, Tallahassee, FL 32399-0771
FM-3016873 – Factory Mutual Research, 1151 Boston-Providence Turnpike, Norwood, MA 02062
GA-LVU405333, Georgia Construction Industry Licensing Board, 237 Coliseum Drive, Macon, GA 31217-3858
IL-128.002051127.001347 – Illinois Department of Financial and Professional Regulation, 320 West Washington Street, 3rd Floor, Springfield, IL 62791
MD – 107-1468 – Maryland State Police Licensing Division, 7751 Washington Blvd., Jessup, MD 20794
OK-435 - Oklahoma State Department of Health, P.O. Box 268817, Oklahoma City, OK 73126-8817
OR-49703 - Oregon Department of Public Safety Standard & Training, 4190 Aumsville highway SE, Salem, OR 97317
TN 00926 1078 - Tennessee Alarm Contractors Board, 500 James Robertson Parkway, Suite 635, Nashville, TN 37423
TX-B07791 - Texas Board of Private Investigators and Private Security Agencies, P.O. Box 13509, Capitol Station, Austin, Texas 78711
TX-ACR1536 - Texas State Fire Marshal's Office, P.O. Box 149221, Austin, TX 78714-9221
VA -114793 – Virginia Department of Criminal Justice Services, 202 N. Ninth Street, Richmond, VA 23219
WA -835 - Washington Department of Licensure, P.O. Box 9020, Olympis, WA 98507
UL – 53479 – Underwriters Laboratories Inc., 333 Pfingsten Road, Northbrook, IL 60062-2096

EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk

ASMA

REV JAN11

COPY



# Security

| | |
|---|---|
| **Prepared For:** | Paris Printing |
| **Date:** | April 21, 2011 |
| **Beacon Job Name:** | 704605 Vista alarm system |
| **Estimator:** | Shane Sexton, Q.A. |
| **Account Manager:** | Jill Stockmaster (615 394-2868) |

| Building Integrated Solutions

1441 Donelson Pike · Nashville, Tennessee · 37217 · www.beacontech.net · 615 301 5020 · facsimile 615 301 5023

EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk



## Project Overview

Paris Printing ("Client") has requested a security quote for the XXX facility. The following Scope of Work ("SOW") details the duties that will be performed by Beacon Technologies, Inc. ("Beacon").

### *Intrusion Installation*

Beacon will under this proposal install a Vista 20 alarm panel as specified by customer per meetings.

Beacon will install remove the existing panel and package it for delivery to the leasing vendor and replace it with a new non-locked vista 20P control panel and connect to existing keypad. **This proposal does not include a keypad.** Beacon will perform all needed programming for proper system operations. This proposal does not include any re-installations or modifications to the existing wiring or devices. Beacon will connect to the central station using the existing telephone line that will be provided by the customer. Beacon will perform full testing of the entire system including all devices and wiring.
In the event that devices or wiring are found to be in a non working condition the repair and re-work of them will be done as a change order billed as a time and material rate.

All devices will be connected using copper wiring that is existing.

The customer will need to provide one (1) analog telephone line for communications.

This proposal does not include any modifications or installations to the existing electrical power systems of the building. The electrical requirements of this system are use existing.

All connections being made by Beacon will be of a neat, professional, and presentable manner or will not be accepted as complete.

Beacon will provide full customer training on entire system operation.

Equipment to be installed explained in following table:

| Part # | Description | Location | Quantity |
|--------|-------------|----------|----------|
| VISTA-20P | Vista 20P burg panel | Same as existing | 1 |

| Security Pricing - Pricing Overview | |
|-------------------------------------|---------|
| Materials | $149.00 |
| Labor | $374.00 |
| **Project Total** | **$523.00** |
| PRICE VALID FOR 30 DAYS THIS PRICE DOES NOT INCLUDE APPLICABLE STATE AND LOCAL SALES TAXES | |

CONFIDENTIAL INFORMATION
This document for use by authorized employees of the Parties.
This document is not for general distribution in or outside the respective companies.

| Building Integrated Solutions

1441 Donelson Pike ▪ Nashville, Tennessee ▪ 37217 ▪ www.beacontech.net ▪ 615.208.9220 ▪ toll-free 866.601.5023

EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk

**Beacon**

T E C H N O L O G I E S

## Terms and Conditions

### Codes and Standards

All work will be performed as specified by the Client. This installation will be compliant with the following codes and standards as well as all applicable state and local codes.

➢ BICSI Telecommunications installations methods
➢ ANSI/NFPA 70 National Electric Code, 2008
➢ ANSI/EIA/TIA-568B.1 Commercial Building Telecommunications Cabling Standard
➢ ANSI/EIA/TIA-569-A Commercial Building Standard for Telecommunications Pathways & Spaces
➢ ANSI/EIA/TIA-606(A) The Admin. Standard for Telecommunications Infrastructure of Commercial Buildings
➢ ANSI/EIA/TIA-607(A) Commercial Building Grounding and Bonding Requirements for Telecommunications

### Tasks

The following represents tasks Beacon and Client have agreed that Beacon will perform within the Scope of Work:

➢ Beacon will conduct meetings with client to determine necessary system and/or configuration to meet client's specifications.
➢ Beacon will perform all necessary installation and/or programming of the system as detailed above in compliance with information gathered from meetings held with client.
➢ Beacon will perform all necessary testing and troubleshooting to ensure that system meets client's expressed needs.
➢ Beacon will perform user training and administer training to the satisfaction of client (where applicable).
➢ Beacon will support manufacturer's parts warranty for all system components, in addition to any applicable structured wiring applications assurance program.

### Materials Information and Access

CONFIDENTIAL INFORMATION
This document for use by authorized employees of the Parties.
This document is not for general distribution in or outside the respective companies.

| Building Integrated Solutions

1441 Donelson Pike ▪ Nashville, Tennessee ▪ 37217 ▪ www.beacontech.net ▪ 615.301.5020 ▪ facsimile 615.301.5023

EFILED 09/26/22 12:44 PM  CASE NO. 22C1800  Joseph P. Day, Clerk

COPY



In order for Beacon to perform work in a timely and efficient manner, prior to beginning the work, Client will provide Beacon with the following:
➢ Power for system power supplies to be provided in designated location.
➢ Access to all areas as needed without timely delays preventing technician(s) from completing tasks.

## Definition of Completion

Work will be considered complete when the following specific conditions are met:
➢ All equipment has been installed to specifications.

## Assumptions

This SOW assumes the following general work conditions and limitations:
➢ Beacon's work will be performed during normal business hours unless otherwise specified in description of work; additional charges for after-hours services may apply.
➢ The work site will have active AC electric available to Beacon for the duration of the project.
➢ Beacon will be granted safe and available access to work site during business hours; if after-hours work is required, Client agrees to provide reasonable access.
➢ Beacon and Client will work together to develop a mutually agreeable installation schedule.
➢ Services and/or materials provided outside of this SOW will require a Change Order signed by both the Client's representative and Beacon's Project Manager for this project (specified within detailed scope of work).

## Project Specific Assumptions

➢ The pricing provided by Beacon for the SOW assumes that no unusual installation conditions (e.g. asbestos, protected or secure areas, moving desks or file cabinets, etc.) exist within the installation area.
➢ The pricing provided by Beacon for the SOW assumes that Client will provide any floor or wall cores if required.
➢ Only work specified in this written SOW and material list will be performed and supplied.
➢ Both parties will agree upon any deviations and any adjustments will be made only with written Change Order/Work Authorization signed by both parties.
➢ Idle time incurred by Beacon due to absence of non-Beacon supplied materials, required escorts, clearances, permits, inability to enter work place or other factors beyond Beacon's control, will be billed at $ 65.00 per man-hour plus travel time and related expenses.

## Warranty Statement

➢ Beacon will facilitate the manufacturer's parts warranty for all installed components of this SOW.
➢ Beacon additionally will supply a 90 day labor warranty for all installed components.

## Exceptions to Warranty (Labor and Material)

➢ Damage of equipment due to an "Act of God" is not covered under warranty.
➢ Warranty void if the equipment is "tampered with" and/or serviced by anyone other than Beacon's representative(s) throughout the warranty period.

## Financial Terms

Page 4 of 6

CONFIDENTIAL INFORMATION
This document for use by authorized employees of the Parties.
This document is not for general distribution in or outside the respective companies.

EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk



- 50% of total amount due upon execution of this SOW.
- 50% of total amount due upon job completion-NET30 Terms.
- Signed contract or PO required before commencement of work or ordering of materials.
- A late charge of 1.5% per month will be added to all amounts not paid within thirty (30) days of invoice.

## Indemnification

Beacon and Client will indemnify and hold each other harmless from any claims, damage, costs, losses or expenses including attorneys' fees which arise out of or result from each other's acts or omissions under this Agreement.

## Confidentiality Agreement

This proposal response is proprietary to Beacon and contains confidential business and technical information. It is intended for the use of Beacon and Client and their employees and agents only. This proposal is not to be shared with any third party without the prior written consent of Beacon.

## Limitation of Liability

With the exception of the indemnification obligations provided herein, in no event will Beacon be liable to Client for special, direct or consequential damages.

## Invalidity

The invalidity, illegality or unenforceability of any provision of this SOW will not affect the validity, legality or enforceability of the remaining provisions. If any provision thereof is inapplicable to any person or circumstance, it will nevertheless remain applicable to all other persons and circumstances.

Signature Section (Signing this Section Schedules the Scope of Work)

_____         _____
Signature of Company Representative        Date

_____         _____
Print Name                                 Print Title

Completion Section:

By Signing below you are acknowledging that all work listed in the scope of work section has been completed to your satisfaction. Any additional work required will be billed as a separate scope of work at prevailing Beacon Technologies rate.

CONFIDENTIAL INFORMATION
This document for use by authorized employees of the Parties.
This document is not for general distribution in or outside the respective companies.

Building Integrated Solutions

1441 Donelson Pike ▪ Nashville, Tennessee ▪ 37217 ▪ www.beacontech.net ▪ 615.301.5020 ▪ facsimile 615.301 5023

EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk

COPY



Signature of Company Representative           Date

Page 6 of 6

CONFIDENTIAL INFORMATION
This document for use by authorized employees of the Parties.
This document is not for general distribution in or outside the respective companies.

Building Integrated Solutions

1441 Donelson Pike • Nashville, Tennessee • 37217 • www.beacontech.net • 615 301 5020 • facsimile 615 301 5023

EFILED 09/26/22 12:44 PM  CASE NO. 22C1800  Joseph P. Day, Clerk

COPY

COPY

EFILED 09/29/22 10:13 AM CASE NO. 22C1800 Joseph P. Day, Clerk
EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P. Day, Clerk

CIRCUIT COURT SUMMONS                                    NASHVILLE, TENNESSEE

Service ID 319755

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20TH JUDICIAL DISTRICT



CINCINNATI INSURANCE COMPANY A/S/O PARRIS PRINTING
A/K/A PARRIS PRINTING LLC

                                                Plaintiff

CIVIL ACTION
DOCKET NO. 22C1800
Method of Service:
Davidson County Sheriff

vs.

BEACON TECHNOLOGIES
1441 DONELSON PIKE
C/O GENNY FREEMAN SPANN
NASHVILLE, TN 37217-2957

                                                Defendant

RECEIVED BY D.C.S.O.
2022 SEP 27 PM 12: 43

D4 w/1st AC, Ex

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED: 09/26/2022

JOSEPH P. DAY
Circuit Court Clerk
Davidson County, Tennessee

By: _____

_____
Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

MATTHEW Z. HUFFER
201 4TH AVENUE NORTH, SUITE 1400
NASHVILLE, TN 37219

NOTICE TO THE DEFENDANT:
Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

rev. 09/01/2022

COPY

EFILED 09/29/22 10:13 AM CASE NO. 22C1800 Joseph P. Day, Clerk
EFILED 09/26/22 12:44 PM CASE NO. 22C1800 Joseph P, Day, Clerk

CIRCUIT COURT SUMMONS                                        NASHVILLE, TENNESSEE

Service ID 319755

# STATE OF TENNESSEE
## DAVIDSON COUNTY
### 20™ JUDICIAL DISTRICT

CINCINNATI INSURANCE COMPANY A/S/O PARRIS PRINTING
A/K/A PARRIS PRINTING LLC

CIVIL ACTION
DOCKET NO. 22C1800
Method of Service:
  Davidson County Sheriff

Plaintiff

vs.

BEACON TECHNOLOGIES
1441 DONELSON PIKE
C/O GENNY FREEMAN SPANN
NASHVILLE, TN 37217-2957

Defendant

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ 28ᵗᵃ _____ day of _____ SEPTEMBER _____, 2022, T:

_____ served this Summons and Complaint/Petition on _____ in the following manner:
_____ RAY CHIPPEAUX ACCEPTED SERVICE _____

_____ failed to serve this Summons within 90 days after its issuance because _____

_____
Sheriff/Process Server

**Deputy Greg Smiley**
**Davidson County Sheriff's Office**
**P.O. Box 196383 Nashville, TN. 37219-6383**

To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

rev. 09/01/2022

Service ID 319755

EFILED 09/28/22 10:35 AM CASE NO. 22C1800 Joseph P. Day, Clerk

| DAVIDSON COUNTY<br>Circuit Court<br><br>319755 | RETURN OF SERVICE | CIVIL ACTION<br>DOCKET NO. 22C1800 |
|---|---|---|

**PLAINTIFF**

CINCINNATI INSURANCE COMPANY A/S/O PARRIS PRINTING A/K/A PARRIS PRINTING LLC   vs.

**DEFENDANT**

BROAN-NUTONE LLC

SERVICE DOCUMENT: SUMMONS DAVIDSON CO-D4 W/1ST AC, EX (A & B)

TO:   BEACON TECHNOLOGIES
      1441 DONELSON PIKE
      C/O GENNY FREEMAN SPANN
      NASHVILLE, TN  37217

**OFFICER'S RETURN:**

☑ **Executed and/or Served on** <u>BEACON TECHNOLOGIES</u> **in the following manner:**

Service, Personal

**Comment:** Ray Chippeaux accepted Service

**Court Date:**

☐ **Unable to Execute and/or Serve:** _____

**Comment:**

**DATE OF SERVICE:** 09/28/2022

DARON HALL, SHERIFF

BY: _____ /s/ Greg Smiley _____
                    Deputy Sheriff
        P. O. Box 196383, Nashville, TN 37219-6383

Rev. 06/02/2020