IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANIES a/s/o PARRIS PRINTING, LLC, ) ) ) ) Plaintiff, ) ) v. ) ) BROAN-NUTONE, LLC ) A.O. SMITH CORPORATION, ) STANLEY CONVERGENT SECURITY ) SOLUTIONS, INC. f/k/a SENTRYNET, and ) Beacon Technologies, Inc., ) ) Defendants. ) | NO. 3-22-cv-00829<br>District Judge Crenshaw<br>Magistrate Judge Frensley |

**MEMORANDUM OF LAW IN SUPPORT OF STANLEY CONVERGENT SECURITY SOLUTIONS, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS.**

Comes now Defendant, Stanley Convergent Security Solutions, Inc., formerly known as SentryNet, (**"SentryNet"**) through counsel, and having filed its Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, now submits this Memorandum of Law in Support of the Motion.

SentryNet requests it be dismissed from this litigation. Dismissal is warranted because the contract between Plaintiff's insured, Parris Printing, LLC **("Parris")** and SentryNet bar Plaintiff's claims on at least two grounds: 1) the Complaint was filed after the one-year contractual limitations period; and 2) the Contract specifically releases SentryNet from subrogation claims. As the contract between Parris and SentryNet was filed as Exhibit B to the First Amended Complaint, it is appropriate this matter be addressed as a Motion for Judgment on the Pleadings. In support of its Motion, SentryNet states as follows:

1

## I. Undisputed Pertinent Facts[1]

Parris and SentryNet agreed to the terms and conditions of the "Alarm System Monitoring Agreement" attached to Plaintiff's First Amended Complaint as Exhibit B (the **"Contract"**). (1st Am. Compl., ¶¶ 65, 70, Ex. B, Court file Doc.1-1, PageID # 213-214). The Contract provides a one-year suit limitation period:

> Both SENTRYNET and Subscriber [Parris] agree that **no lawsuit or any other legal proceeding connected with this agreement shall be brought or filed more than one year after the incident giving rise to the claim occurred**.

(Contract at ¶ 9 (emphasis added), Court file Doc. 1-1, PageID # 214). The Contract further releases SentryNet from subrogation claims:

> . . . **you [Parris] agree to release SENTRYNET from any claims of any parties suing through your authority or in your name, such as your insurance company**, and you agree to defend us against any such claim. You agree to notify your insurance company of this release.

(Contract at ¶ 8 (emphasis added), Court file Doc. Doc. 1-1, PageID # 214).

This lawsuit arises out of a fire at a Parris location that occurred on October 5, 2019. (1st Am. Compl. at ¶ 1, Court file Doc. 1-1, PageID # 112). Given the date of the fire, according to the above referenced Contract provisions, lawsuits filed after October 5, 2020 are barred, as are subrogation actions. (Id. at ¶ 1, Contract at ¶¶ 8, 9, Court file Doc. 1-1, PageID # 214). This subrogation action was commenced September 8, 2022, approximately two years past the deadline to file suit, by Parris' property insurance company. (Id. at ¶¶ 1-3, Court file Doc. PageID # 8).

## II. Applicable Law

### A. Standard of Review.

The standard of review for a Rule 12(c) motion for judgment on the pleadings "is the same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Roger Miller Music,*

---

[1] These facts are undisputed for purposes of this Motion only, in which all facts alleged by Plaintiff are accepted as true. SentryNet reserves the right to dispute Plaintiff's factual allegations in future motions and/or at trial.

*Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 389 (6th Cir. 2007). Therefore, when evaluating a Rule 12(c) motion, courts must "construe the complaint in the light most favorable to the plaintiff," and "accept all of the complaint's factual allegations as true." Id. Courts may only grant judgment on the pleadings if "the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." Id. *American Reliable Insurance Company v. Addington*, 559 F.Supp.3d 656 (M.D. Tenn. 2021).

### B. The Contractual Limitations Period Bars This Case.

Tennessee law governs the substance of this diversity action. See *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938).

Tennessee has long-recognized the "well-established general rule that in the absence of a prohibitory statute, a contract provision is valid which limits the time for bringing suit, if a reasonable period of time is provided, and that the general statutes of limitations are not prohibitory of such contractual provisions." *State v. Evans,* 47 Tenn. App. 1, 334 S.W.2d 337, 342 (Tenn. Ct. App. 1959). Tennessee courts have consistently upheld contractual periods of limitations that reduce the statutory period for filing suit, specifically including suit limitations periods of one year. *See, e.g., Guthrie v. Connecticut Indemnity Ass'n,* 101 Tenn. 643, 49 S.W. 829, 830 (Tenn. 1899) (holding that insurance policy's limitation for bringing suit was valid); *Tullahoma Concrete Pipe Co. v. Gillespie Constr. Co. & U.S. Fidelity & Guar. Co.,* 56 Tenn. App. 208, 405 S.W.2d 657, 664 (Tenn. Ct. App. 1966) (holding that provision in contract that suit must be brought within one year after sub-contractor ceased work on project was valid); *Das v. State Farm Fire & Cas. Co.,* 713 S.W.2d 318, 324 (Tenn. Ct. App. 1986) (holding that dismissal of plaintiffs' suit was justified by their failure to sue within one year after insurance company's first denial of liability); *Hill v. Home Ins. Co*., 22 Tenn. App. 635, 125 S.W.2d 189, 192 (Tenn. Ct. App. 1938) (holding that contractual limitation requiring suit on fire policy to be commenced within one year after date of loss was valid and enforceable). *Fortune*

3

*v. Unum Life Ins. Co. of America,* 360 S.W.3d 390, 398 (Tenn. Ct. App. 2010).

Federal courts applying Tennessee law regularly apply contractual limitations periods. See, for example, *Thomas v. Allstate Ins. Co.*, Civil Action No. 2:20-cv-02477 (W.D. Tenn. 2021). Senior District Judge Joseph Hood discussed application of one-year contractual limitations periods in *Beahm v. Auto Owners Ins. Co.*, Civil Action No. 3:13-cv-160 (E.D. Tenn. 2013):

> **Although contractual limitations periods must provide the insured with a reasonable time to bring suit, there is no question under Tennessee law that a one-year contractual statute of limitations period is reasonable.** [emphasis added]. Indeed, in *Morgan v. Town of Tellico Plains*, No. E2001-02733-COA-R3-CV, 2002 WL 31429084 (Tenn. Ct. App. Oct. 30, 2002), the court found a sixty-day contractual limitations period to be reasonable. Id. at *4; see also *Lloyds*, 107 S.W.3d at 497-498 (applying a one-year contractual limitations period); *Roberts v. Allstate Ins. Co.*, No. 2:09-0016, 2009 WL 2851017, at *5 (M.D. Tenn. Aug. 29, 2009) (one-year contractual limitations period); *Burton v. Nationwide Ins. Co.,* No. 1:07-CV-129, 2007 WL 3309076, at *3—4 (E.D. Tenn. Nov. 6, 2007) (one-year contractual limitations period).

*Beahm v. Auto Owners Ins. Co.*, Civil Action No. 3:13-cv-160 (E.D. Tenn. 2013).

As demonstrated by the case law above, a one-year limitation period – to which Parris agreed – is reasonable. This is especially so considering Parris was well aware of the nature and extent of the damage on the day it happened, and because the parties at issue are both corporate entities. Tennessee law provides that the instant matter should be dismissed for its failure to be filed within one year of the fire.

### C. Release

A release is a contract; therefore, the rules of construction applicable to contracts apply in construing the terms of a release. *Woody v. A.W. Chesterton Company*, No. M2007-01210-COA-

4

R9-CV (Tenn. App. 3/13/2008) (Tenn. App. 2008). *Richland Country Club, Inc. v. CRC Equities, Inc., RCC*, 832 S.W.2d 554, 557 (Tenn. Ct. App. 1991). It is well-settled that "public policy of Tennessee favors freedom to contract against liability for negligence." *Dixon v. Manier*, 545 S.W.2d 948, 950 (Tenn. Ct. App. 1976) (upholding a release from liability for negligence signed by a customer prior to application of a hair straightener at a cosmetology school); see also *Empress Health and Beauty Spa, Inc. v. Turner*, 503 S.W.2d 188, 190 (Tenn. 1973) (upholding exculpatory clause in release used by health club). *Woody v. A.W. Chesterton Company*, supra.

Here, Parris explicitly released claims by its insurance company. (Contract at ¶ 8, Court file Doc. 1-1, PageID # 214). Because this case is brought by Parris' insurance company as subrogree of Parris, the release applies to the exact situation presented by this case. Consequently, Plaintiff's claim is barred by the release provision and should be dismissed.

## III. Conclusion

This suit was filed in violation of the one-year contractual limitations period, and the claims asserted in this suit were released as a part of the Contract between the Parris and SentryNet. For these reasons, judgment should be entered in favor of Stanley Convergent Security Solutions, Inc f/k/a SentryNet.

    Respectfully submitted,

    **FEENEY & MURRAY, P.C.**

    **By: */s/ John Thomas Feeney***
        **John Thomas Feeney,** BPRN 11482
        *Attorneys for Stanley Convergent Security Solutions, Inc.*
        9019 Overlook Blvd., Suite D-4
        Brentwood, Tennessee 37027
        (615) 377-9000
        *jtf@feeneymurray.com*

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing has been filed via the Electronic Filing System ("ECF") and service has been made upon Filing Users through the Electronic Filing System and regular U.S. mail to the following:

Brian Walthart
P.O. Box 198349
201 4th Ave. North, Suite 1400
Nashville, Tennessee 37219

Jessie Ziegler
Bass, Berry Sims
150 Third Avenue South, Suite 2800
Nashville, Tennessee 37201

Ray Chippeaux
Beacon technologies, Inc.
1441 Donelson Pike
Nashville, TN 37217

  This the 19th day of October, 2022.

                */s/ John Thomas Feeney*
                **John Thomas Feeney**