UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANIES a/s/o PARRIS PRINTING, LLC, | ) ) ) ) |
| Plaintiff, | ) No. 3:22-cv-00829 |
| v. | ) ) ) |
| BROAN NU-TONE, LLC, REGAL BELOIT AMERICA, INC., STANLEY CONVERGENT SECURITY SOLUTIONS INC., f/k/a SENTRYNET, and BEACON TECHNOLOGIES, INC. | ) ) ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court in this diversity action removed from state court are two motions: (1) a Motion to Remand (Doc. No. 20) filed by The Cincinnati Insurance Companies as subrogee of Parris Printing, LLC; and (2) a Motion for Judgment on the Pleadings (Doc. No. 6) filed by Stanley Convergent Solutions, Inc., formerly known as SentryNet. Both motions will be denied.

### I. Plaintiff's Motion to Remand

After this Court denied Beacon Technologies Inc.'s ("Beacon's") Motion to Remand (Doc. No. 17) because the motion simply stated that Beacon was a Tennessee corporation, Plaintiff filed its own Motion to Remand. (Doc. No. 20). Plaintiff argues that, because Beacon seemingly did not consent given its own motion for remand, the Notice of Removal was improper due to lack of unanimity. In response, Beacon reverses course. Not only does it "give[] its consent to the removal of this case from the Circuit Court of Davidson County," Beacon "in fact prefers that this case remain in this Federal Court if possible." (Doc. No. 26 at 1).

As a preliminary matter, Plaintiff's motion to remand is untimely, just as Beacon's belated acceptance of this Court's jurisdiction was untimely.

On the one hand, the removal statute provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C.A. § 1447(c). The Notice of Removal (Doc. No. 1) was filed on October 14, 2022, but Plaintiff did not file its Motion to Remand until more than two months later on December 16, 2022.

On the other hand, and "[c]onsistent with the prevailing view" the Sixth Circuit has held "that all defendants in the action must join in the removal petition or file their consent to removal in writing within thirty days of receipt of (1) a summons when the initial pleading demonstrates that the case is one that may be removed, or (2) other paper in the case from which it can be ascertained that a previously unremovable case has become removable." Loftis v. United Parcel Serv., Inc., 342 F.3d 509, 516 (6th Cir. 2003). Beacon did not evidence its consent within that period. Quite the contrary, Beacon first took the position that the case should be remanded, only to later change its mind.

Notwithstanding Beacon's waffling, Plaintiff's failure to move to remand within the thirty day period required by Section 1446(a) cannot be excused or ignored. Not only was Beacon's own motion to remand untimely (having been filed some 45 days after the case was removed), Plaintiff already knew or should have known that Beacon was a Tennessee company. Indeed, in the Amended Complaint filed while the case was still pending in state court, Plaintiff alleged that, "upon information and belief," Beacon was "a Tennessee Corporation with a principal place of business located at 1441

2

Case 3:22-cv-00829   Document 33   Filed 01/30/23   Page 2 of 7 PageID #: 392

Donelson Pike, Nashville, Tennessee 37217[.]" (Doc. No. 1-1 at 110, Am. Cmpt. ¶9).[1]  Moreover, and in keeping with Plaintiff's understanding, Defendants Broan-Nutone LLC and A.O. Smith Corporation specifically alleged that Beacon was a Tennessee corporation in their Notice of Removal, while at the same time acknowledging that they did not know whether Beacon would consent to removal because counsel had yet to be retained.  (Id. at 2 & n.2).

"[T]echnical defects in the removal procedure, such as a breach of the rule of unanimity,. . . must be raised by a party within thirty days of removal or they are waived." Loftis, 342 F.3d at 516-17.  This is because "a breach of the rule of unanimity is a procedural issue, not a substantive one." Chambers v. HSBC Bank USA, N.A., 796 F.3d 560, 565 (6th Cir. 2015).  So, too, is the forum defendant rule.

The forum defendant rule is based upon the language of Section 1441(b) which limits removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2).  All ten of the Circuits to have addressed the issue have held that the forum defendant rule is a non-jurisdictional, waivable defect, subject to the 30-day time limit under Section 1447(c).  See Holbein v. TAW Enterprises, Inc., 983 F.3d 1049, 1053 (8th Cir. 2020) (collecting cases).  This includes the Sixth Circuit.  See, Southwell v. Summit View of Farragut, LLC, 494 F. App'x 508, 511 n.2 (6th Cir. 2012); Plastic Moldings Corp. v. Park Sherman Co., 606 F2d 117, 119

---

[1] Although the Amended Complaint identifies this Defendant as "*Broan* Technologies, Inc.," it is clearly a scrivener's error because Broan-Nutone had already been identified in the Amended Complaint as a Delaware corporation and there is no Broan *Technologies* identified in either the original or amended complaint. Moreover, *Beacon* was served at the Donelson Pike address listed in the Amended Complaint on September 28, 2022.  (Id. at 219).

3

n.1 (6th Cir. 2979); Handley-Mack Co. v. Godchaux Sugar Co., 2 F.2d 435, 437 (6th Cir. 1924).

The rationale behind making the forum defendant rule waivable has been explained thusly:

> Removal based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court. The need for such protection is absent, however, in cases where the defendant is a citizen of the state in which the case is brought. Within this contextual framework, the forum defendant rule allows the plaintiff to regain some control over forum selection by requesting that the case be remanded to state court. A procedural characterization of this rule honors this purpose because the plaintiff can either move to remand the case to state court within the 30–day time limit, or allow the case to remain in federal court by doing nothing. Either way, the plaintiff exercises control over the forum.

Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 940 (9th Cir. 2006) (internal citation omitted). Looked at somewhat differently, "if the case had been filed in the first instance in federal court, jurisdiction under § 1332 would have been clear," and the same should hold true where "the case as it arrived in federal court met every requirement for federal jurisdiction [but] simply took the wrong path, in a sense, because there was an in-state defendant." Hurley v. Motor Coach Indus., Inc., 222 F.3d 377, 380 (7th Cir. 2000). "Under [such] circumstances, it seems that the only purpose that would be served by declaring the forum defendant rule jurisdictional would be to preserve for plaintiffs rights that the plaintiffs themselves failed to [timely] assert." Id.

Here, the procedural missteps aside, there is complete diversity of citizenship, *i.e.* "no plaintiff is a citizen of the same state as any defendant." V & M Star, LP v. Centimark Corp., 596 F.3d 354, 355 (6th Cir. 2010). Plaintiff is an Ohio company with its principal place of business in Ohio; Broan has one member, Nortek, which is a Delaware Company with its principal place of business in Missouri; Regal Beloit is a Wisconsin corporation with its principal place of business in that state; Stanley Convergent Security, now Sentry Net, is a Delaware company with its principal place of business in Indiana; and Beacon is a Tennessee company with its principal place of business in this

state.

## II. SentryNet's Motion for Judgment on the Pleadings

According to the Amended Complaint, on October 5, 2019, a ventilation/exhaust fan caught fire at Parris Printing's facility in Nashville, Tennessee, igniting the toilet paper or some other flammable item in the bathroom. The fan was allegedly made by Broan and incorporated a motor manufactured by A.O. Smith. As the blaze spread, it caused the sprinkler system to engage. Water then rained down for some eight hours causing damage to the premises and some of the commercial printers contained therein. As a result, Plaintiff, on behalf of its insured, sued Broan and A.O. Smith,[2] along with SentryNet and Beacon that allegedly contracted to provide alarm systems monitoring for the premises. Plaintiff alleges breach of contract and negligence claims against SentryNet.

SentryNet's Motion sets forth two grounds for judgment on the pleadings, both based upon a contract it allegedly had with Parris Printing. Because the contract is attached to the Amended Complaint and "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes," Fed. R. Civ. P. 10(c), the Court can rely on it without converting the motion to one for summary judgment. Even so, "[i]n reviewing a motion for judgment on the pleadings, [the Court will] construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle [it to] relief." Hayward v. Cleveland Clinic Found., 759 F.3d 601, 608 (6th Cir. 2014).

SentryNet first argues that the contract provides for a one year limitation period. The contract

---

[2] By agreement of the parties A.O. Smith was dismissed in place of Regal Beloit America, Inc. (Doc. No. 23).

5

states:

> Both SentryNet and Subscriber agree that no lawsuit or any other legal proceeding connected with this agreement shall be brought or filed more than one year after the incident giving rise to the claim occurred.

(Doc No. 1-1 at 214, ¶ 9). Because the fire occurred on October 5, 2019 but suit was not filed until September 8, 2022, SentryNet argues Plaintiff's claims are time-barred.

Second, SentryNet argues that the contract specifically prohibits subrogation claims such as the one brought by Plaintiff. It relies upon the following language from paragraph 2 of the contract:

> . . . you agree to release SENTRYNET from any claims of any parties suing through your authority or in your name, such as your insurance company, and you agree to defend us against any such claim, You agree to notify your insurance company of this release.

(Id. ¶8).

Leaving aside that SentryNet neglected to include the introductory phrase "[u]nless prohibited by your property insurance policy" from the second sentence of paragraph 8, even a cursory review of the contract leads to the conclusion that judgment as a matter of law is not warranted. For one thing, the contract is unsigned, except for apparently the signature of a Parris representative, even though it specifically states "monitoring will not begin until SentryNet has received a fully executed copy of this agreement," (Id. at 809), and there is no signature for the "Dealer," whoever that may be. For another, the contract begins by indicating that the "Installer and Subscriber have entered into an agreement wherein and whereby Installer will provide monitoring services for Subscriber," and that "[a]ll monitoring fees are paid to us by the Installer." (Id. ¶ 1). The second paragraph continues by stating that "[t]his agreement shall continue for as long as Installer contracts with us for the performance of monitoring services for you." (Id. ¶ 2). Such language suggests a pre-existing contract between Beacon (the installer) and SentryNet whereby the latter agreed to provide monitoring services to Parris

6

for an unknown price as Beacon's subcontractor.

At a minimum, and in the absence of any real context, the contract raises questions about mutual consideration. See GuestHouse Int'l, LLC v. Shoney's N. Am. Corp., 330 S.W.3d 166, 188 (Tenn. Ct. App. 2010) ("If a contract does not have valid, mutual consideration, it is invalid and unenforceable."). It also raises questions about SentryNet's apparently unilateral right to terminate the contract. See, Cont'l Motel Brokers, Inc. v. Blankenship, 739 F.2d 226, 232 (6th Cir. 1984) ("Tennessee law provides that if one or both parties to a contract have the unrestricted right to cancel or terminate the agreement, then the contract lacks mutuality and is unenforceable.").

It may be, as SentryNet argues, that "either SentryNet owed Plaintiff's insured a duty to monitor its premises subject to the limitations in the Contract, . . . or SentryNet owed Plaintiff no duty at all," which would eliminate both Plaintiff's contract and negligence claims. (Doc. No. 14 at 5). That, however, is not something that the Court can decide merely on the pleadings and, consequently, SentryNet's Motion for Judgment on the Pleadings will be denied.

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand (Doc. No. 20) is **DENIED**. SentryNet's Motion for Judgment on the Pleadings (Doc. No. 6) is also **DENIED**. This file is hereby returned to Magistrate Judge Frensley for further pretrial case management.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE